UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22986-ALTMAN/Reid

**CARLOS RAMOS,** *et al.*,

    *Plaintiffs*,

v.

**AMERICAN SECURITY
INSURANCE COMPANY**,

    *Defendant*.

_____/

## ORDER DENYING MOTION TO REMAND

The Plaintiffs have filed a Motion to Remand [ECF No. 8]—which, after careful review, we now **DENY**.[1]

### THE FACTS

On July 28, 2023, our Plaintiffs, Carlos Ramos and Ana Roman-Ramos, sued our Defendant, American Security Insurance Company ("American Security") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, asserting one count of breach of contract. *See* Complaint [ECF No. 1-3]. The Plaintiffs allege that, "[p]rior to December 10, 2021," they "sought and purchased homeowner's insurance from Defendant to cover their property located at 570 NW 130th Street, North Miami, FL 33168[.]" *Id.* ¶ 4. They further allege that, on December 10, 2021, that property "sustained direct physical damage as a result of sewage water overflow." *Id.* ¶ 8. According to the Plaintiffs, "the Defendant denied coverage and/or failed to issue full payment for the [water damage] pursuant to the terms and coverages available under the Contract." *Id.* ¶ 13. The Plaintiffs

---

[1] The Motion to Remand is ripe for resolution. *See* American Security Insurance Company's Response in Opposition to the Plaintiffs' Motion to Remand (the "Response") [ECF No. 12]. The Plaintiffs did not file a reply.

thus argue that American Security breached its contract by failing to "provide the appropriate amount of coverage and properly pay the full amount of insurance proceeds owed to Plaintiffs." *Id.* ¶ 14.

## THE LAW

A federal court should remand to state court any case that has been improperly removed. *See* 28 U.S.C. § 1447(c). The party attempting to invoke the federal court's jurisdiction bears the burden of establishing that jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270 (1934).

Congress has authorized the federal district courts to exercise original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). This type of jurisdiction (what we call diversity jurisdiction) requires *complete* diversity: Every plaintiff must be diverse from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). The party invoking diversity jurisdiction must establish that the amount in controversy exceeds $75,000. *See* § 1332(a). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

**ANALYSIS**

In their Motion to Remand, the Plaintiffs advance just one argument: that "[t]his action is not removable by [the Defendant], as the amount in controversy requirement in accordance with 28 U.S.C. § 1332 has not been met." Motion to Remand at 5. But the Plaintiffs concede that their *own* public adjuster's "pre-suit estimate" of damages (which they themselves turned over to the Defendant[2]) was $104,395.28—or $102,395.28 after "subtracting the applicable deductible." *Id.* at 3–4; *see also* Notice of Removal [ECF No. 1] at 4 ("Plaintiffs have provided American Security with an estimate prepared by Capital Claims Public Adjusters ('CCPA Estimate') for Plaintiffs' benefit for alleged water damages, which totals $104,395.28 . . . . The jurisdictional amount in controversy of $75,000 is therefore met."). Despite this concession, the Plaintiffs say that, on August 16, 2023—a week after this case was removed—"[c]ounsel for the Plaintiffs advised the Defendant" in an email "that the Plaintiffs were seeking $73,750.00 in damages to resolve this matter inclusive of interest, attorney's fees, and costs." Motion to Remand at 4. "Therefore," the Plaintiffs argue, "the amount in controversy between the parties is far below the threshold amount needed for removal to Federal Court." *Ibid.*

We disagree. As we've said many times, "the well-trodden rule is that, in a removed case, jurisdiction must be determined at the time of removal, not later." *Folkman v. GeoVera Specialty Ins. Co.*, 2021 WL 7630485, at *4 (S.D. Fla. Sept. 14, 2021) (Altman, J.) (cleaned up). And, as the Plaintiffs candidly acknowledge, the Defendant timely removed this case based on "the pre-suit estimate [of

---

[2] *See* Notice of Intent to Initiate Litigation [ECF No. 12-1]; *see also* Response at 6 ("American Security timely removed this case based upon Plaintiffs' Notice of Intent, which was predicated on Plaintiffs' public adjuster's detailed itemized estimate. The PA Estimate, which Plaintiffs provided and served as the basis for their demand, estimates damages of approximately $104,000, and the damages would still exceed $100,000 after application of the $2,000 deductible. The Notice of Intent (which relied on the PA Estimate) was referenced in the Complaint, and the civil cover sheet for this lawsuit also (in reliance on the PA Estimate) claimed damages in excess of $100,000.").

3

$104,395.28] submitted by the Plaintiffs to the Defendant during the claim adjustment process." Motion to Remand at 3–4.

A defendant *may* therefore rely on a pre-suit repair or damages estimate (prepared by a public adjuster) to establish the amount in controversy for removal—*even* when the defendant disputes the validity of that estimate. *See Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1272, 1274 (S.D. Fla. 2020) (Bloom, J.) ("Detailed public adjuster estimates that delineate corroborating evidence of the damages can provide a firm basis for removal . . . . A defendant is entitled to rely on a plaintiff's public adjuster's valuation for removal while also rejecting the validity of the adjuster's findings."); *Westerburger v. Geovera Specialty Ins. Co.*, 2019 WL 7708493, at *1 (S.D. Fla. May 23, 2019) (Dimitrouleas, J.) ("Public adjuster estimates are routinely used to establish the amount in controversy in removal cases of first party insurance claims where the amount of damages is not specified in the complaint."); *ABC Univ. Shops, LLC v. Scottsdale Ins. Co.*, 2018 WL 3672265, at *5–6 (S.D. Fla. July 24, 2018) (Gayles J.) (concluding that the defendant had "sustained its burden as the removing party of demonstrating that the amount in controversy exceed[ed] the $75,000 jurisdictional threshold" because the plaintiff's public adjuster's estimate was over $75,000 and because the estimate "delineate[d] in line-item form the various losses and damages sustained by [p]laintiff"). As the Eleventh Circuit made clear in *Pretka*, the amount in controversy is determined at the time of removal, not later. 608 F.3d at 751. And we agree with the Defendant that, "[i]f plaintiffs could simply disclaim their estimates after removal, it would invite gamesmanship in nearly every removed first party insurance case." Response at 4.

We're not suggesting that a court may *never* consider post-removal evidence in deciding whether it may lawfully exercise jurisdiction. Rather, "what is prohibited are post-removal *changes* in the amount in controversy, not post-removal *clarifications* of the amount that was in controversy at the moment of removal." *Freight Hub Corp. v. Satellite Logistics Grp., Inc.*, 2022 WL 18465073, at *2 (S.D. Fla. Aug. 19, 2022) (Williams, J.) (cleaned up and emphasis added); *see also Sierminski v. Transouth Fin.*

4

*Corp.*, 216 F.3d 945, 946 (11th Cir. 2000) (holding that a court may consider evidence submitted after the removal petition is filed, "but only to establish the facts present at the time of removal"). So, in determining whether post-removal evidence (such as a post-removal settlement offer) "vitiate[s] [a federal court's] subject matter jurisdiction," the court must consider the evidence "only to the extent that it sheds light on whether the amount in controversy requirement was met at the time of removal." *Gillinov v. Hillstone Rest. Grp., Inc.*, 92 F. Supp. 3d 1251, 1254 (S.D. Fla. 2015) (Dimitrouleas, J.).

In this case, the Plaintiffs' post-removal settlement offer doesn't shed light on the amount that was in controversy at the time of removal. On the contrary, the Plaintiffs concede that, "[a]fter subtracting the applicable deductible from the amount of the estimate, [their] damages would be reduced to $102,395.28, at best." Motion to Remand at 4. Their argument is simply that—one week after this case was removed—they informed the Defendant that *they were willing to settle* for less: "[O]n or about August 16th, 2023, Counsel for the Plaintiffs advised the Defendant that the Plaintiffs were seeking $73,750.00 in damages to resolve this matter inclusive of interest, attorney's fees, and costs." *Ibid*. What's more, the email in which the Plaintiffs relayed their settlement offer didn't even purport to reflect the amount in controversy *as of the date of removal*:

> Good evening Brian. I spoke with my clients and they have authorized me to provide an initial demand of $73,750.00 (global-new money) inclusive of interest and attorney's fees and costs. This demand is being made in exchange for the execution of a mutually agreed upon release, withdrawals of any CRNs, and a dismissal with prejudice. Please discuss this demand with your client and let me know if they are interested in trying to resolve this claim.

Settlement Offer [ECF No. 8-1] at 1.

Because the Plaintiffs' post-removal settlement offer doesn't clarify or shed light on the amount in controversy at the time of removal, it isn't a proper basis for remand. *See King v. Germania Select Ins. Co.*, 2023 WL 3141048, at *2 (M.D. Fla. Apr. 28, 2023) (Jung, J.) (holding that the plaintiff's "post-removal settlement offer of $74,500 does not change the [c]ourt's analysis" because a court's analysis of the amount-in-controversy requirement focuses on how much was in controversy at the

5

time of removal, not later). And, while we can't say for sure that the offer to settle for $73,750.00 was made specifically to avoid federal jurisdiction, we do note that some of our colleagues view "strategic settlement demand[s]" of *just under* $75,000 as "not a meaningful indicator of the amount in controversy between the parties when th[e] action was removed to federal court." *Ward v. Boston Sci. Corp.*, 2018 WL 6696679, at *4 (S.D. Ala. Dec. 19, 2018) (denying a plaintiff's motion to remand where the plaintiff offered to settle the case for $70,000 after the case had been removed, because the plaintiff "never disclaim[ed] any intent to request or accept more than $75,000 at trial," and because "post-removal settlement offers advanced to thwart federal jurisdiction are not accorded determinative weight in the jurisdictional analysis").

One more thing: A plaintiff's "settlement offer that is unsupported by specific information sheds little light on whether the amount is a reasonable assessment of the value of the claim and, therefore, deserves little weight when considering the amount in controversy." *Blaney v. Aimbridge Hosp., LLC*, 2017 WL 10277121, at *5 (M.D. Fla. Aug. 7, 2017) (Honeywell, J.); *see also Blackburn v. Allstate Ins. Co.*, 2014 WL 12872683, at *2 (M.D. Fla. Mar. 12, 2014) (Lammens, Mag. J.), *report and recommendation adopted*, 2014 WL 12872678 (M.D. Fla. Apr. 2, 2014) (Hodges, J.) ("The court gives more weight to a settlement offer that includes specific information supporting the plaintiff's claim for damages, as such information indicates that the offer contains a reasonable assessment of the value of the claim."); *Dees v. Coleman Am. Moving Servs., Inc.*, 2017 WL 4838845, at *3 (S.D. Ala. Oct. 26, 2017) (declining to consider a settlement offer as evidence of the amount in controversy because "it offers to settle for $22,500 without providing a single word of explanation how this figure was derived [and] is therefore entitled to 'little weight' in the jurisdictional analysis").

So too here. The Plaintiffs' settlement offer (contained in an email) didn't provide *any* specific information to support the Plaintiffs' (lower) damages claim. Applying our "judicial experience and common sense" to the facts of this case, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir.

2010), we don't think the Plaintiffs' post-removal settlement offer has any bearing on what the amount in controversy was *at the time of removal*.

Because the Plaintiffs don't deny that their own damages estimate *at the time of removal* exceeded the jurisdictional minimum—and because their Motion to Remand is predicated on a post-removal settlement offer that's unsupported by any specific information on damages—the Defendant has met its burden of establishing, by a preponderance of the evidence, that the amount in controversy is greater than $75,000. We therefore **ORDER and ADJUDGE** that the Plaintiffs' Motion to Remand [ECF No. 8] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on September 13, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record